Dear Mr. Caldwell:
You ask this office to advise if the City of Shreveport is responsible for the operational expenses of the City of Shreveport Marshal's Office. We first direct your attention to La.R.S. 13:1889, which provides in pertinent part:
§ 1889. Court room and offices
A. The city where the court is situated shall furnish a suitable city court room and suitable offices for the judge, clerk, and marshal. It shall also furnish adequate fireproof vaults or other filing equipment for the preservation of the records of the court.
B. The expenses of operation and maintenance of the court room and offices shall be borne by the city, or may be apportioned between the city and parish as the respective governing authorities may determine.
La.R.S. 13:1889(A) states "the city . . . shall furnish . . . suitable offices for the judge, clerk, and marshal." Further, La.R.S. 13:1889(B) states "the expenses of operation and maintenance of the court room and offices shall be borne by the city."[1] It is the opinion of this office that the use of the word "shall" in La.R.S. 13:1889 *Page 2 
means the City of Shreveport has a mandatory duty to provide suitable offices for the marshal, and to fund the operational expenses of that office.[2]
You have also asked if there is any state law requiring the City of Shreveport to provide vehicles for the marshal's office. La.R.S. 13:2084 is responsive to your question, and provides the following:
§ 2084. Shreveport; automobile for use of marshal
An automobile shall be furnished and maintained by the City of Shreveport for the use of the marshal and the city court in the performance of the duties of his office. The city may also furnish and maintain additional automobiles for the use of the marshal if in its discretion additional automobiles are necessary.
It is the opinion of this office that La.R.S. 13:2084 requires the City of Shreveport to provide the marshal with a vehicle for use in the performance of his duties. The City is further required to pay for the expenses to maintain the vehicle. Such maintenance expenses include payment for fuel, oil changes, and tires.
We note that La.R.S. 13:2084 states that the city may also furnish and maintain additional automobiles for the marshal's office "if in its discretion additional automobiles are necessary." It is the opinion of this office that, while it is a mandatory obligation for the City to provide you a vehicle for your use as marshal, it is within the discretion of the City to decline to provide additional vehicles for the use of the marshal's office.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] The City of Shreveport is also required by law to pay the salaries of the deputy marshals. La.R.S. 13:2085 provides: "the chief deputy and other deputy marshals of the City Court of Shreveport shall be paid an annual salary in an amount set by and paid by the city of Shreveport, payable monthly on their respective warrants."
[2] La.R.S. 1:3 is a statutory rule governing the interpretation of laws. The statute provides "the word `shall' is mandatory and the word `may' is permissive."